

# THE ATTORNEY GENERAL

# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 14, 1952

Hon. Conard Florence
County Attorney
Smith County
Tyler, Texas

Opinion No. V-1456

Re: Legality of using County
Permanent Improvement
Funds to erect a live-
stock building at East
Texas Fair grounds on
land owned by the City
of Tyler.

Dear Sir:

You have requested an opinion of this of-
fice in which you ask:

"1. Can Smith County expend monies
from its Permanent Improvement Fund to
erect a livestock barn at the East Texas
Fair grounds in view of the fact that the
County does not own the grounds in fee
simple title?"

You state that Smith County is contemplat-
ing building a livestock barn at the East Texas Fair
Grounds. The land on which the building is to be
erected belongs to the City of Tyler and is now leased
by the city to the East Texas Fair Association. The
Association, however, will grant a release to the city
if the county agrees to erect the building. You also
state that the county proposes to enter into an agree-
ment with the City of Tyler whereby the city will fur-
nish the site in question and the county will erect
the building thereon.

Article 2372d, V.C.S., provides in part:

"Section 1. All counties in the State
acting by and through their respective Com-
missioners' Courts may provide for annual
exhibits of horticultural and agricultural
products, livestock and mineral products,
and such other products as are of interest
to the community. In connection therewith,
such counties may also establish and main-
tain museums, including the erection of the

necessary buildings and other improvements,
in their own counties or in any other coun-
ty or city in the United States, where fairs
or expositions are being held.

    " . . .

    "Sec. 3.   All incorporated cities . . .
may cooperate with the Commissioners' Courts
of such counties for the purposes stated in
Section 1, and Section 2 of this Act and ap-
propriate monies in providing for such exhib-
its, establishing and maintaining such museums,
and in the erection of such buildings and im-
provements, and the assembling, erecting and
maintaining of such horticultural, agricul-
tural, livestock and mineral exhibits."

    Section 1 authorizes counties to construct
buildings and other permanent improvements for exhib-
its of horticulture, agriculture, livestock, and
mineral products.  Adams v. McGill, 146 S.W.2d 332
(Tex. Civ. App. 1941, error ref.).

    Section 3 authorizes incorporated cities
to cooperate with counties in making such improvements.
We assume of course that in this cooperative undertak-
ing the city will retain a voice in the use and manage-
ment of the property.  Therefore, we believe the county
and city may work together in making such improvements
in any manner they may choose so long as the plan adopt-
ed is not in violation of any constitutional provision.
If they find that for the city to furnish the site and
for the county to erect the building is the best method
in accomplishing the purpose authorized by the statute,
we believe this method is authorized and may be fol-
lowed.  Although Section 52 of Article III of the Con-
stitution of Texas prohibits counties from making any
grants or lending their credit to any city, we do not
believe these provisions have any application to this
type of undertaking.  This is not a donation to the
city but is for the benefit of all the people of the
county and therefore these provisions in the Constitu-
tion do not militate against it.  It is therefore
our opinion that Smith County may expend monies from
its permanent improvement fund to erect a livestock
barn for annual exhibitions of livestock on land
owned by the City of Tyler pursuant to an agreement
whereby the city agrees to furnish the site

and the county agrees to erect the building. Art. 2372d, V.C.S.

We assume that the building will cost $2000 or more. Section 2 of Article 2368a, V.C.S., provides in part that:

"No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure or payment of Two Thousand ($2,000.00) Dollars or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or liability of any nature or character upon such county or any subdivision of such county, or upon such city, without first submitting such proposed contract to competitive bids. . . ."

Article 2372d specifically provides that the provisions of Article 2368a are not repealed by its provisions. Therefore, in connection with your request we call your attention to the fact that the county in letting the contract for the building must submit it to competitive bids.

## SUMMARY

Smith County may expend monies from its permanent improvement fund to erect a livestock barn for annual exhibitions of livestock on land owned by the City of Tyler pursuant to an agreement whereby the city agrees to furnish the site and the county agrees to erect the building. Art. 2372d, V.C.S.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

By Bruce Allen
Bruce Allen
Assistant

Charles D. Mathews
First Assistant

BA:mh